FILED
United States Court of Appeals
Tenth Circuit

November 4, 2025

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| In re: ANGELIINA LYNN LAWSON,<br><br>Petitioner. | No. 25-3158<br>(D.C. No. 6:25-CV-01179-JWB-TJJ)<br>(D. Kan.) |

_____

**ORDER**
_____

Before **HARTZ**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Angeliina Lynn Lawson, proceeding pro se, has filed a petition for a writ of mandamus under 28 U.S.C. § 1651(a). She asks this court to (1) direct the Honorable John W. Broomes of the United States District Court for the District of Kansas to immediately issue a summons and arrange for prompt service of her complaint in the underlying proceeding; (2) order reassignment of her case to a three-judge panel from outside the District of Kansas; and (3) vacate prior rulings by Judge Broomes. We deny the petition because Ms. Lawson has not met the applicable standard.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). To be entitled to this drastic remedy, Ms. Lawson must show she has "no other adequate means to attain the relief [s]he desires" and that her "right to the writ is clear and indisputable." *Id.* at 1187 (internal quotation marks omitted). Further, this court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id*. (internal quotation

marks omitted). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Id.* at 1186 (internal quotation marks omitted).

### Service of Process

We begin with Ms. Lawson's request that this court direct immediate service of process. The underlying lawsuit relates to state-court child custody proceedings. Ms. Lawson asserts claims under the Racketeer Influenced and Corrupt Organizations Act and the Americans with Disabilities Act (ADA), as well as civil rights violations. The district court granted her motion for leave to proceed in forma pauperis (IFP) but withheld service of process pending its initial review of her complaint under 28 U.S.C. § 1915(e)(2)(B). It explained that "a pre-service review is appropriate as it appears Plaintiff brings this action against parties that are entitled to immunity, and otherwise fails to state a claim, making dismissal appropriate pursuant to . . . § 1915(e)(2)(B)." Order at 2, *Lawson v. Godderz*, No. 25-cv-1179 (D. Kan. Aug. 21, 2015), Dkt. No. 13.

Ms. Lawson argues that the hold on service of process during case screening amounts to an indefinite stay of her case, effectively depriving her of her rights and access to the courts. But the circumstances she describes are not exceptional and therefore do not warrant mandamus relief.

First, Ms. Lawson relies on a mistaken premise that the case should move forward because her complaint "survive[d] any initial review," *see* Pet. at 19. But, as just explained, the district court made it clear when it granted IFP status that it still needed to review her complaint. In any event, only two months or so have passed, and the docket

2

reflects active management of her case; just last week, the district court denied one of her many motions to reassign the case to a three-judge out-of-district panel. Given this short passage of time, her right to a writ is not clear and indisputable. *Cf. Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting writ of mandamus in a habeas action where sole reason for fourteen-month delay was docket congestion).

    Second, as this court recently stated when rejecting a similar argument by Ms. Lawson in a different case, "[a]llowing the district court to review a complaint under § 1915(e)(2) does not deny access to the courts because it does not prevent a litigant from bringing a meritorious complaint; rather, it provides for dismissal of a meritless complaint, which dismissal is reviewable on appeal following judgment." Order at 7, *Lawson v. Bolton*, No. 25-3167 (10th Cir. Oct. 10, 2025), Dkt. No. 12; *see also In re Cooper Tire*, 568 F.3d at 1186 ("[M]andamus is not a substitute for an appeal."). If necessary, Ms. Lawson can appeal the district court's rulings at the appropriate time. We are not persuaded by her unsubstantiated allegations of spoliation of evidence—mainly by state court clerks—and her statement that "[a]n eventual appeal . . . would come too late to undo the ongoing evidentiary harm and the constitutional injury of being denied a neutral forum." Pet. at 18.

    Third, Ms. Lawson's filing behavior undercuts her right to a writ of mandamus directing service of process. *See Johnson*, 917 F.2d at 1285 (explaining that a petitioner's responsibility for delays can affect the analysis of a mandamus petition). She has now filed a complaint, an amended complaint, and a second amended complaint in the underlying lawsuit. She has also filed ten separate motions or "notices" requesting

3

reassignment of the district judge within a two-month period. As the district court correctly noted, "[her] actions in repetitively filing motions and new cases delay rulings in her cases and in others." Order at 2, *Lawson v. Godderz*, No. 25-cv-1179 (D. Kan. Aug. 21, 2025), Dkt. No. 11.

### *Reassignment and Vacatur*

Nor is mandamus relief appropriate with respect to judge reassignment. As mentioned above, Ms. Lawson has now filed ten motions in the underlying proceeding, repeatedly seeking reassignment to a three-judge panel from outside the District of Kansas. The district court has rejected her request, so she reiterates it here and also asks this court to vacate any unfavorable orders entered against her to date. Construing Ms. Lawson's pleadings liberally in light of her pro se status, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we consider her reassignment request to be similar in nature to a recusal motion. It is true that mandamus is a proper vehicle to challenge the denial of a recusal motion. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (per curiam). But even so, Ms. Lawson has not demonstrated the circumstances here warrant the extraordinary remedy of mandamus.

Ms. Lawson points largely to adverse rulings, which she asks this court to vacate. *See, e.g.*, Pet. at 16 ("Every relevant procedural decision thus far—assignment, recusal, service, discovery—has been resolved to Petitioner's detriment without a valid legal basis . . . ."). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Beyond those rulings, Ms. Lawson offers only conclusory and speculative assertions of conflicts of

4

interest and retaliation. She says, for instance, that "no judge within the District of Kansas could impartially preside over a case that effectively puts Kansas's own judicial actors on trial." Pet. at 7. "[I]t is unrealistic," she says, "to expect that federal judges sitting in Kansas would not have professional or personal connections with their state counterparts." *Id*. at 23. Although Ms. Lawson acknowledges she could ultimately appeal this issue as well, she believes it would be a "tremendous" waste of her and the judiciary's resources to proceed without reassignment. *Id*. at 27. Recusal motions cannot be based on speculation. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Ms. Lawson also takes issue with the fact that her case has been assigned to a judge with "prior involvement with [her] related matters." *Id.* at 3; *see also id*. at 6 ("Judge Broomes is the very judge already presiding over several of Petitioner's other federal cases against related defendants . . . which involve overlapping allegations of judicial misconduct, denial of ADA rights, and child safety issues . . . ."). But this assignment merely reflects an intentional desire for efficiency. It makes sense to have the same adjudicator handle related—and indeed overlapping—cases.

We grant Ms. Lawson's motion to proceed without prepayment of fees and costs. We deny the petition for a writ of mandamus.[1]

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] While the mandamus petition was under consideration, Ms. Lawson filed a last-minute supplement to the petition, which discusses events in a separate district court proceeding. The court has considered the supplement in connection with Ms. Lawson's argument that reassignment is appropriate, but we are not persuaded by any new arguments. To the extent the supplement seeks additional relief, beyond what is articulated in the petition, we deny the requests. We also deny the request for expedited review as moot.