IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Case No. 25-3158

ANGELIINA LYNN LAWSON,

*Petitioner*

v.

ERIC W. GODDERZ, et al.,

*Respondents*

MOTION FOR RECONSIDERATION AND REHEARING EN BANC OF ORDER DENYING

PETITION FOR WRIT OF MANDAMUS

*(Filed pursuant to Fed. R. App. P. 40(a)(2), 35(b), and the Court's inherent power to remedy fraud upon the court under Rule 60(d)(3) and Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).*

COMES NOW Petitioner, *Angeliina Lynn Lawson*, appearing pro se and under Title II ADA protection, and respectfully moves this Honorable Court to reconsider and vacate its November 4, 2025 Order denying the Writ of Mandamus, and to restore the petition for plenary review or en banc consideration.

Reconsideration is warranted because the denial was obtained and issued under fraud upon the court and suppression of material jurisdictional facts, depriving this Court of the full and accurate record necessary to render constitutional review.

## I. BACKGROUND AND TIMELINE OF FRAUDULENT SUPPRESSION

1. On August 15, 2025, Petitioner filed the underlying civil RICO and ADA retaliation complaint in *Lawson v. Godderz*, Case No. 6:25-cv-01179-JWB-TJJ, exposing ongoing judicial misconduct, financial entanglements, and interference with federal jurisdiction.

2. On October 29, 2025, Petitioner filed a Judicial Notice of Financial Entanglement Risks and Breach of Article III Duty (ECF 30) documenting that Magistrate Judge Teresa J. James and District Judge John W. Broomes held financial interests in Kansas-based municipal bonds and state-linked institutions appearing as defendants or enterprise beneficiaries.

3. Within 48 hours of that disclosure, those same judges issued retaliatory orders striking Petitioner's Second Amended Complaint (ECF 32) and denying all pending motions for disqualification and sanctions.

4. Despite active appellate jurisdiction and a pending *SCOTUS Emergency Writ*, Judge Eric W. Godderz scheduled a December 15 termination hearing in *Anderson County Case No. 2020-DM-131*, in violation of 28 U.S.C. § 1446(d).

5. These events were never transmitted to this Court before the denial order issued, constituting extrinsic fraud that "prevents the judicial process from functioning in the usual manner." *Bulloch v. United States*, 763 F.2d 1115 (10th Cir. 1985) (en banc).

## II. LEGAL BASIS FOR RECONSIDERATION

A. Fraud Upon the Court (Rule 60(d)(3))

Fraud upon the court occurs where "officers of the court… corrupt the judicial process itself." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

Here, judicial officers concealed their own financial entanglements, ignored disqualification motions, and ruled on matters over which they lacked lawful jurisdiction, thereby voiding all subsequent rulings.

B. Jurisdictional Void under the Constitutional Avoidance and Void Application Doctrine

A judgment rendered by a court lacking jurisdiction "is not merely erroneous, but is void." *Norton v. Shelby County*, 118 U.S. 425 (1886).

Under the Constitutional Avoidance and Void Application Doctrine, courts must construe statutes and orders to avoid constitutional violation; where no constitutional construction is possible, the act or order is void ab initio.

Because Judge Godderz continued issuing orders post-removal, and federal judges ruled despite pending disqualification and financial conflict, the resulting record is jurisdictionally void.

C. Standards for Mandamus Relief Satisfied

This Court may revisit denial of mandamus where new facts demonstrate "a clear abuse of discretion or usurpation of judicial power." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980).

The continuing operation of a state judge under removal, coupled with federal concealment of fraud, now presents precisely the "extraordinary situation" justifying issuance of the writ.

## III. EVIDENCE OF FRAUD AND RETALIATION

- ECF 35 – Emergency Motion to Declare Judicial Crisis and Request for Constitutional Intervention (filed Nov 3, 2025) documents the federal-state coordination and retaliation following exposure of financial ties .

- ECF 33 – Denial of Disqualification by Disqualified Judge constitutes direct violation of *Berger v. United States*, 255 U.S. 22 (1921).

- Ongoing ADA Retaliation: Denial of accommodation requests and suppression of filings violates *Tennessee v. Lane*, 541 U.S. 509 (2004).

Together, these acts form a pattern of fraud upon the court requiring vacatur of this Court's prior order and restoration of supervisory jurisdiction.

## IV. REQUESTED RELIEF

Petitioner respectfully requests that this Court:

1. VACATE the November 4, 2025 Order denying the Petition for Writ of Mandamus;

2. REOPEN the mandamus proceeding for plenary reconsideration, or in the alternative, grant en banc review under Fed. R. App. P. 35(b);

3. CERTIFY the record for investigation by the Judicial Conference and DOJ Public Integrity Section concerning fraud upon the court;

4. STAY all state-court proceedings in *Anderson County Case No. 2020-DM-131* pending federal reassignment; and

5. ORDER the Clerk to transmit this motion and supporting exhibits to the Tenth Circuit Judicial Council for emergency review under 28 U.S.C. § 372(c).

V. CONCLUSION

The denial of the writ was procured through concealment of financial conflicts, disregard of pending disqualification, and suppression of jurisdictional facts.

Under *Hazel-Atlas*, *Liljeberg*, and Rule 60(d)(3), such fraud "strikes at the integrity of the judicial process" and compels vacatur.

Petitioner therefore prays this Court restore the writ, issue protective orders, and refer the matter for constitutional intervention.

The Tenth Circuit's November 4, 2025 denial preceded the appearance of dispositive evidence filed in the district-court record between October 29 and November 4, 2025 (ECF 30–38), including financial-conflict disclosures, a pending Rule 60(d)(3) fraud-on-the-court motion, and legislative testimony confirming jurisdictional usurpation. These filings were not part of the appellate record at the time of decision, constituting extrinsic fraud and omission of material facts under Hazel-Atlas and Bulloch v. United States (10th Cir. 1985).

Respectfully submitted                                    Dated: November 7, 2025

/s/ Angeliina Lynn Lawson

*Pro Se Plaintiff | ADA-Protected Litigant | Federal Civil Rights Complainant*

1914 Fifth Avenue | Leavenworth, KS 66048

Tel: (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2025, I electronically filed the foregoing Motion for Reconsideration and Rehearing En Banc of Order Denying Petition for Writ of

Mandamus with the Clerk of the United States Court of Appeals for the Tenth Circuit using the Court's CM/ECF system.

Filing within the official docket constitutes service of record under Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. App. P. 25(c) upon all judicial officers and court personnel named or referenced herein in their official capacities, as the filing becomes part of the case record in which they are parties or respondents.

In accordance with Tenth Circuit Rule 25.5 and Rule 46, this filing provides constructive notice and service upon:

- Hon. John W. Broomes, U.S. District Judge, District of Kansas
- Hon. Teresa J. James, U.S. Magistrate Judge, District of Kansas

and upon the Clerks of the District of Kansas and this Court for entry into the consolidated record.

No additional service is required under Rule 5(d)(1)(B) because all recipients receive notice via the CM/ECF docketing system.


/s/ Angeliina Lynn Lawson
*Pro Se Plaintiff | ADA-Protected Litigant | Federal Civil Rights Complainant*
1914 Fifth Avenue | Leavenworth, KS 66048
(913) 972-1661